UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESTON GRIMES,

      Petitioner,           Civil No.. 2:25-CV-13593

v.                          Honorable Jonathan J.C. Grey

PENNSYLVANIA,
COMMONWEALTH OF, et. al.,

      Respondents.

_____/


## OPINION AND ORDER TRANSFERRING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF No.1) TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

This matter is before the Court on Petitioner Preston Grimes' pro se petition for a writ of habeas corpus ad subjiciendum (ECF No. 1), which this Court construes as being brought pursuant to 28 U.S.C. § 2254.[1] Grimes is presently confined at the State Correctional Institution at Greene (SCI-Greene) in Waynesburg, Pennsylvania. He is challenging his conviction for robbery in the Court of Common Pleas of York County,

---

[1] *See Morgan v. Oklahoma*, No. CIV-19-482-R, 2019 WL 3210600, at *1 (W.D. Okla. May 29, 2019), *report and recommendation adopted*, No. CIV-19-482-R, 2019 WL 3208650 (W.D. Okla. July 16, 2019).

1

Pennsylvania.[2] In the interests of justice, the Court finds that the proper venue for this petition is in the United States District Court for the Middle District of Pennsylvania and **ORDERS** that the petition be transferred to that district.

## I.    BACKGROUND

Grimes was convicted in York County, Pennsylvania, which is located in the Middle District of Pennsylvania. *See Ashford v. Wenerowicz*, No. CIV.A. 11-1698, 2011 WL 2149355, at*1 (E.D. Pa. Mar. 29, 2011), *report and recommendation adopted*, No. CIV.A. 11-1698, 2011 WL 2135688 (E.D. Pa. May 27, 2011). Grimes is currently incarcerated at SCI-Greene in Waynesburg, Pennsylvania, which is located in the Western District of Pennsylvania. *Ruiz v. Gilmore*, No. 3:CV-17-2229, 2018 WL 1077296, at *1 (M.D. Pa. Feb. 27, 2018).

## II.   DISCUSSION

A federal district court lacks jurisdiction to hear a state prisoner's habeas petition where the petitioner was not convicted, sentenced, or

---

[2] The Court obtained the information concerning the county in which Grimes was convicted from the Pennsylvania Department of Corrections' Inmate/Department Supervised Individual Locator, https://inmatelocator.cor.pa.gov/#/Result, of which this Court is permitted to take judicial notice. *See Ward v. Wolfenbarger,*323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

incarcerated within that district. *See Wadsworth v. Johnson*, 235 F.3d 959, 962-63 (5th Cir. 2000). Grimes was convicted and sentenced in a state court located in the Middle District of Pennsylvania and is currently in a state facility located in the Western District of Pennsylvania. Accordingly, this Court does not have jurisdiction to hear Grimes' case.

28 U.S.C. § 2241(d) states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) allows a state prisoner who seeks relief from a state court conviction to file a petition for a writ of habeas corpus either in the federal district where he was convicted or in the district where he is confined, if both judicial districts are located within the same state. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973); *Schlanger v. Seamans*, 401 U.S. 487, 490, n. 3 (1971). 28 U.S.C. § 2241(d) "explicitly"

3

governs the jurisdiction of a federal court over habeas petitions. *See Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819–820 (E.D. Mich. 1988 ); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court sua sponte. *See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

It has apparently "been the agreed practice of the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, to transfer any habeas petitions filed by a petitioner incarcerated in their respective districts to the district which includes the county where the conviction was had." *Ruiz v. Gilmore*, 2018 WL 1077296, at *2; *see also Williams v. Terra*, No. 3:24-CV-257, 2024 WL 4635391, at *2 (W.D. Pa. Oct. 31, 2024) ("it has been the general practice of the United States District Courts in Pennsylvania to transfer habeas corpus petitions to the federal district where the Common Pleas Court is located that conducted the underlying criminal trial of the petitioner.").

4

In accordance with the agreement of the district courts in Pennsylvania regarding the venue for habeas petitions, this Court believes the best course of action is to transfer this case to the United States District Court for the Middle District of Pennsylvania. *See Byrd v. North Carolina*, 200 F. App'x 235, 236–237 (4th Cir. 2006).

Since Grimes' conviction occurred in a state court that is not located in the Eastern District of Michigan, and he is not presently in custody in this district, the Court **TRANSFERS** his cause of action to the United States District Court for the Middle District of Pennsylvania pursuant to § 2241(d). *See Byrd v. North Carolina,* 200 F. App'x at 237.

## III.  ORDER

Accordingly, **IT IS ORDERED** that the Clerk shall **TRANSFER** the petition to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED**.

<u>**s/Jonathan J.C. Grey**</u>
JONATHAN J.C. GREY
Dated: December 16, 2025     United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 16, 2025.

<u>s/</u> **S. Osorio**
Sandra Osorio
Case Manager